# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: PROTON PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)**<br><br>**This Document Relates To:**<br>JOYCE WATSON<br><br>**Plaintiff**<br><br>vs.<br><br>ABBOTT LABORATORIES, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC, GLAXOSMITHKLINE CONSUMER HEALTHCARE LP , GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) IP LLC, MERCK & CO. INC. D/B/A MERCK, SHARP & DOHME CORPORATION, NOVARTIS CORPORATION, NOVARTIS PHARMACEUTICAL CORPORATION, NOVARTIS VACCINES AND DIAGNOSTICS, INC., NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH, INC., NOVARTIS CONSUMER HEALTH, INC., PFIZER, INC., THE PROCTER & GAMBLE COMPANY, PROCTER & GAMBLE MANUFACTURING COMPANY, TAKEDA PHARMACEUTICALS USA, INC., TAKEDA PHARMACEUTICALS AMERICA, INC. , TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS INTERNATIONAL, INC., TAKEDA DEVELOPMENT CENTER AMERICAS, INC. F/K/A TAKEDA GLOBAL  RESEARCH  & DEVELOPMENT CENTER, INC., TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAP PHARMACEUTICAL PRODUCTS, INC. F/K/A TAP HOLDINGS INC., WYETH PHARMACEUTICALS, INC., WYETH-AYERST LABORATORIES, WYETH LLC<br>**Defendants.** | **17-md-2789 (CCC)(MF) (MDL 2789)** |

## FIRST AMENDED SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *First Amended Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order No. 7. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint and Jury Demand in In re: Proton-Pump Inhibitor Products Liability Litigation*, MDL 2789, in the United States District Court for the District of New Jersey pursuant to Case Management Order No. 7.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint and Jury Demand*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1. Name of individual injured/deceased due to the use of PPI Product(s): __Joyce Watson__.

2. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: _____.

3. Survival and/or Wrongful Death Claims:

    a. Plaintiff, _____, is filing this case in a representative capacity as the _____ of the Estate of _____, deceased.

    b. Survival Claim(s): The following individual(s) allege damages for survival claims, as permitted under applicable state laws: _____.

4. As a result of using PPI Products, Plaintiff/Decedent suffered pain and suffering, emotional distress, mental anguish, and personal and economic injur(ies) that are alleged to have been caused by the use of the PPI Products identified in Paragraph 10, below, but not limited to the following:

       __X__ injury to himself/herself

       _____ injury to the person represented

       _____ wrongful death

       _____ survivorship action

       __X__ economic loss

       __X__ loss of services

       _____ loss of consortium

       _____ other: _____

**Identification of Defendants**

5. Plaintiff(s)/Decedent is/are suing the following Defendant(s) (please check all that apply):

- ☒ Abbott Laboratories
- ☒ AstraZeneca Pharmaceuticals LP
- ☒ AstraZeneca LP
- ☒ GlaxoSmithKline Consumer Healthcare Holdings (US) LLC
- ☒ GlaxoSmithKline Consumer Healthcare LP
- ☒ GlaxoSmithKline Consumer Healthcare Holdings (US) IP LLC
- ☒ Merck & Co. Inc. d/b/a Merck, Sharp & Dohme Corporation
- ☒ Novartis Corporation

☒ Novartis Pharmaceutical Corporation

☒ Novartis Vaccines and Diagnostics, Inc.

☒ Novartis Institutes for Biomedical Research, Inc.

☒ Novartis Consumer Health, Inc.

☒ Pfizer, Inc.

☒ The Procter & Gamble Company

☒ Procter & Gamble Manufacturing Company

☒ Takeda Pharmaceuticals USA, Inc.

☒ Takeda Pharmaceuticals America, Inc.

☒ Takeda Pharmaceuticals LLC

☒ Takeda Pharmaceuticals International, Inc.

☐ Takeda California, Inc.

☒ Takeda Development Center Americas, Inc. f/k/a Takeda Global   Research & Development Center, Inc.

☒ Takeda Pharmaceutical Company Limited

☒ TAP Pharmaceutical Products, Inc. f/k/a TAP Holdings Inc.

☒ Wyeth Pharmaceuticals, Inc.

☒ Wyeth-Ayerst Laboratories

☒ Wyeth LLC

☐ Other(s) Defendant(s) (please identify):

_____

## JURISDICTION & VENUE

**Jurisdiction:**

6. Jurisdiction in this Short Form Complaint is based on:

   ☒ Diversity of Citizenship

   ☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

   _____

**Venue:**

7. District Court(s) in which venue was proper where you might have otherwise filed this *Short Form Complaint* absent Case Management Order No. 7 entered by this Court and/or to where remand could be ordered: _____

   Colorado: Denver Division (D. Colo.)

## CASE SPECIFIC FACTS

8. Plaintiff(s) currently reside(s) in (City, State): Brush, CO_____.

9. To the best of Plaintiff's knowledge, Plaintiff/Decedent used PPI Product(s) during the following time period: Approximately November 2005 to April 2017_____.

10. Plaintiff/Decedent used the following PPI Products, for which claims are being asserted:

    ☒ Dexilant

    ☒ Nexium

    ☒ Nexium 24HR

    ☒ Prevacid

    ☒ Prevacid 24HR

    ☒ Prilosec

  ☒ Prilosec OTC

  ☒ Protonix

  ☐ Other (List All): <u>N/A</u>

11. The injuries suffered by Plaintiff/Decedent as a result of the use of PPI Products include, among others that will be set forth in Plaintiff's discovery responses and medical records:

  ☐ Acute Interstitial Nephritis (AIN)

  ☐ Acute Kidney Injury (AKI)

  ☒ Chronic Kidney Disease (CKD)

  ☐ End Stage Renal Disease (ESRD)

  ☐ Dialysis

  ☐ Death

  ☐ Other(s) (please specify):

<u>N/A</u>

12. At the time of the Plaintiff's/Decedent's diagnosis of injury, Plaintiff/Decedent resided in (City, State): <u>Brush, CO</u>.

## CAUSES OF ACTION

13. Plaintiff(s), again, hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

14. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein more specifically adopted and incorporated by reference by Plaintiff(s) please check all that apply):

☒ Count I:  Strict Product Liability

☒ Count II:  Strict Product Liability – Design Defect

☒ Count III:  Strict Product Liability – Failure to Warn

☒ Count IV:  Negligence

☒ Count V:  Negligence *Per Se*

☒ Count VI:  Breach of Express Warranty

☒ Count VII:  Breach of Implied Warranty

☒ Count VIII: Negligent Misrepresentation

☒ Count IX:  Fraud and Fraudulent Misrepresentation

☒ Count X:  Fraudulent Concealment

☒ Count XI:  Violation of State Consumer Protection Laws of the State(s) of: Colorado_____.

☐ Count XII:  Loss of Consortium

☐ Count XIII:  Wrongful Death

☐ Count XIV:  Survival Action

☒ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or Causes of Action against Defendant(s) identified in Paragraph five (5) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure:

## COUNT XV.

## COLORADO: STRICT PRODUCT LIABILITY – MISREPRESENTATION

Plaintiff incorporates by reference as if fully set forth at length herein each and every paragraph contained in the Master Complaint, as well as any and all information and/or facts stated or otherwise contained herein this Short Form Complaint, and Plaintiff further alleges as follows:

1. Defendants individually and collectively represented that PPIs were safe when used for their intended purposes, and further, by omission, Defendants represented that the PPI Products did not cause an increased risk of serious kidney injuries, including AIN, AKI, CKD, and ESRD or renal failure, as well as life-threatening complications thereof and even death.

2. Each of those representations by Defendants was false because PPIs, in fact, were and are not safe when used for their intended purposes, and furthermore, the PPI products did and do in fact cause an increased risk of serious kidney injuries, including AIN, AKI, CKD, and ESRD or renal failure, as well as life-threatening complications thereof and even death.

3. Defendants knew, should have known, and/or could have known that the PPI Products were not safe when used for their intended purposes for numerous reasons, including but not limited to the following:

    a. they received adverse event reports of serious kidney injuries during the conduct of premarketing clinical trials of the PPI Products;

    b. they had in their exclusive possession and control information and data indicating that a safety signal regarding the risk of serious kidney injuries; and

    c. they derived substantial profits from sales of the PPI Products, which at times were as high as several billion dollars per year per PPI Product, giving Defendants ample resources to conduct high powered postmarketing clinical trials that would have detected the increased risk of serious kidney injuries and enabled them to make a determination as to causality.

4. Therefore, when Defendants made these misrepresentations as to the safety of the PPI Products and their tendency not to cause serious kidney injuries, Defendants either knew they were false or represented these facts as of their knowledge with reckless disregard to whether they were true or false.

5. These misrepresented facts concern the character and/or the quality of the PPI Products, namely their safety and their tendency not to cause serious kidney injuries, including AIN, AKI, CKD, and ESRD or renal failure, as well as life-threatening complications thereof and even death.

6. Defendants' affirmative misrepresentations and misrepresentations by omission were material because, upon information and belief, absent these misrepresentations and/or had consumers including Plaintiff and the medical community including Plaintiff's prescribing physicians been informed of the true nature, quality and character of the PPI Products, Plaintiff's prescribing physician would not have prescribed Plaintiff the PPI Products and Plaintiff would not have used the PPI Products.

7. Defendants, either personally or through their corporations, businesses, subsidiaries, divisions, subdivisions, affiliates, partners, joint-venturers, predecessors, officers, directors, employees, representatives, independent contractors, and/or other agents, made the foregoing misrepresentations to the public, including Plaintiff, through the use of various means, avenues and types of advertising, including without limitation:

    a. in-print marketing, advertising and promotional materials;

    b. on Defendant owned, controlled or supported websites and blogs;

    c. in materials and advertisements to consumers, including Plaintiffs, stating that the use of PPI Products is safe; and

    d. through sales persons and representatives who promoted the PPI Products to doctors, clinics and users.

  8. Defendants intended for their affirmative misrepresentations and misrepresentations by omission about the nature, quality and character of the PPI Products to reach, and upon information and belief they did reach, consumers, including Plaintiff, and the medical community, including Plaintiff's prescribing physicians.

  9. Upon information and belief, when Plaintiff's prescribing physicians decided to prescribe the PPI Products to Plaintiff, Plaintiff's prescribing physicians relied upon Defendants' expertise, skill, judgment and knowledge, and as a result, Plaintiff's prescribing physicians relied upon Defendants' affirmative misrepresentations and misrepresentations by omission. Upon information and belief, when Plaintiff decided to use the PPI Products, Plaintiff relied upon Defendants' expertise, skill, judgment and knowledge, and as a result, Plaintiff relied upon Defendants' affirmative misrepresentations and misrepresentations by omission.

  10. As a result of having relied upon Defendants affirmative misrepresentations and misrepresentations by omission, Plaintiff's prescribing physician did prescribe the PPI Products to Plaintiff, and Plaintiff did use and/or ingest the PPI Products.

  11. As a direct and proximate result of Plaintiff's, and Plaintiff's prescribing physicians', reliance on Defendants' affirmative misrepresentations and misrepresentations by omission, Plaintiff was caused to suffer physical harm. As a direct and proximate result of Plaintiff's, and Plaintiff's prescribing physicians', reliance on Defendants' affirmative misrepresentations and misrepresentations by omission, Plaintiff was caused to suffer

physical, psychological and emotional injuries, which are permanent as lasting in nature, as well as the resulting damages alleged herein.

12. Plaintiff's and Plaintiff's prescribing physicians' reliance upon Defendants' affirmative misrepresentations and misrepresentations by omission was justifiable on for many reasons, including but not limited to the following:

    a. Defendants possess expertise, skill, judgment and knowledge of experts in the field of pharmaceuticals;

    b. Defendants, at all times relevant and material hereto, were under a duty to disclose the true nature, quality, and character of the PPI Products because this was nonpublic information over which Defendants had and continue to have exclusive possession and control;

    c. Defendants had the ability to and did spend enormous amounts of money in furtherance of their purpose of marketing and promoting a profitable drug, notwithstanding the known or reasonably known risks;

    d. Defendants conducted extensive clinical trials and studies on the safety of the PPI Products, which could have, and should have, revealed the existence of the increased risk of serious kidney injuries, including that suffered by Plaintiff;

    e. Plaintiff and Plaintiff's prescribing physicians lacked the resources that are and were available to Defendants at all times relevant and material hereto, which enabled Defendants alone to determine the true nature, extent and identity of any health risks or safety issues related to the PPI Products, and Plaintiff and Plaintiff's prescribing physicians were therefore forced to rely upon Defendants' representation;

    f. Defendants were and continue to be in possession of information and data that shows the risk and dangers of the PPI Products that is not otherwise in the

possession of or available to the FDA, the public, the medical community, Plaintiff's prescribing physicians, and/or Plaintiff; and

g. When Plaintiff's prescribing physicians decided to prescribe the PPI Products to Plaintiff, when Plaintiff decided to use the PPI Products as prescribed, and when Plaintiff was injured, no person or entity other than Defendants possessed or was aware of any fact, information or data suggesting or otherwise indicating either that the PPI Products could cause serious kidney injuries or that Defendants' representations should not be trusted, and no person or entity other than Defendants' possessed or was aware of any fact, information or data that would have made a reasonably prudent person suspicious of Defendants wrongdoing.

13. Plaintiff's justifiable, reasonable and objective belief at the time of use and at the time of injury, therefore, was that the PPI Products were safe and fit for their intended use, and that the PPI Products did not cause an increased risk of serious kidney injuries, including AIN, AKI, CKD, and ESRD or renal failure, as well as life-threatening complications thereof and even death.

14. Defendants, therefore, misrepresented to the public, including consumers such as Plaintiff, material facts concerning the character and quality of the PPI Products, which Plaintiff justifiably relied upon, thereby directly and proximately resulting in the physical harm to Plaintiff alleged herein.

15. The actions, inactions, misstatements, and omissions of Defendants as alleged herein were committed maliciously, recklessly, deceitfully, grossly negligently and/or with intentional disregard for the public's and Plaintiff's rights, health, safety, and life, thereby warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit and such further relief as the Court deems equitable and just, and as set forth in the *Master Long Form Complaint and Jury Demand*, as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated: March 29, 2018

Respectfully Submitted,

_/s/ Paul J. Pennock_
Paul J. Pennock (PP3315)
Attorney for Plaintiff
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 363-2721
ppennock@weitzlux.com